Brett Jones
EEON FOUNDATION
304 S Jones Blvd. Ste 1967
Las Vegas, Nevada 89107

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### MEMORANDUM OF LAW

EEON FOUNDATION, ET AL,
v.

GOOGLE, INC.,
YOUTUBE, INC.,
ALPHABET, INC., ET AL.,

Civil Action: _____

RESPONDENT(S)

This memorandum is submitted on behalf of Petitioner Brett Jones on behalf of the EEON FOUNDATION in support of this motion, pursuant to 9 U.S.C. § 9 to confirm an arbitration award. This motion should be granted and the award confirmed into a judgment because the arbitration was in all respects proper and the award is final and legally binding upon all parties.

### STATEMENT OF FACTS

On or about January 26, 2019; Petitioner and Respondent(s) entered into an agreement which provided that the parties would settle any dispute arising out of the agreement by arbitration according to Timothy Simpson, Arbitrator.

### PROCEDURAL BACKGROUND

Petitioner filed an arbitration claim with SITCOMM Arbitration Association claiming $ 450,000.00 in damages due to Petitioner from each Respondent. On February 27, 2019 the Arbitrator issued Petitioner an award of $ 450,000.00 from each Respondent. Petitioner now moves to confirm this award.

Brett Jones
EEON FOUNDATION
304 S Jones Blvd. Ste 1967
Las Vegas, Nevada 89107

## **EXPLANATION**

The Federal Arbitration Act, 9 U.S.C. § 9; provides that "within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award and thereupon the court must grant such an order unless the award is vacated, modified, or corrected. Accordingly, the court has the obligation to confirm Petitioner's arbitration award into a judgment. See *Doctor's Assocs., Inc. v. Casarotto*, 116 s. Ct. 1652, 1657 (1996) (stating the purpose of the federal arbitration act is to ensure that private agreements to arbitration are enforced); *Allied Bruce Terminix Cos. v. Dobson*, 115 s. Ct. 834, 838 (1995) ("[t]he basic purpose of the federal arbitration act is to overcome courts' refusals to enforce agreements to arbitrate.") *Southland Corp. v. Keating*, 465 U.S. 1, 15-16 (1984) ( holding the federal arbitration act preempts state law and state courts cannot apply state statutes that invalidate arbitration agreements).

The standard of review of an arbitrator's decision by the court is very narrow. The scope of review is limited and the court will not examine the validity of the decision except to the extent that the award exceeds the agreement of the parties. See *Burchell v. Marsh*, 58 U.S. 344, 349 (1854) (stating the appropriate scope of judicial review is whether the award is the honest decision of the arbitrator, made within the scope of the arbitrator's power, and that a court will not otherwise set aside an award for error, either in law or fact); *Coast Trading Co. v. Pacific Molasses Co.*, 681 F 2d 1195, 1197-98 (9th Cir. 1982).

Accordingly, Justice Kavanaugh of the Supreme Court expressed his opinion as "We must interpret the act as written and the Act in turn requires that we interpret the contract as written. When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide the

Brett Jones
EEON FOUNDATION
304 S Jones Blvd. Ste 1967
Las Vegas, Nevada 89107

arbitrability issue. That is true even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless."

Further, Kavanaugh continued; "That conclusion follows not only from the text of the Act but also from precedent. We have held that a court may not "rule on the potential merits of the underlying" claim that is assigned by contract to an arbitrator, "even if it appears to the court to be frivolous." A court has "no business weighing the merits of the grievance" because the "agreement is to submit all grievances to arbitration. Not merely those which the court will deem meritorious." AT&T Technologies principle applies with equal force to the threshold issue of arbitrability. Just as a court may not decide a merits question that the parties have delegated to an arbitrator.

The Arbitrator has considered the pleadings and other evidence presented at the hearing, determined that each Respondent is liable to Petitioner for $ 150,000.00. The Arbitrator also determined that Respondent(s) have no past, present or future claim against Petitioner's property. There are no grounds for vacating, modifying, or correcting an arbitration award enumerated in 9 U.S.C. §§ 10-11 which exist and Respondent(s) have not made any motion to vacate, modify, or correct the award.

## CONCLUSION

Petitioner respectfully requests an order confirming an arbitration award into a judgment for the amount of $ 150,000.00 for Petitioner and against each Respondent and an order releasing Respondent(s) past, present and future claims against Petitioner's property and return any and all properties held in any manner.

Dated: February 12, 2020

_____
Brett Jones, on behalf of the EEON FOUNDATION, Petitioner

Brett Jones
EEON FOUNDATION
304 S Jones Blvd. Ste 1967
Las Vegas, Nevada 89107

## CERTIFICATE OF SERVICE

    I, Brett Jones, on behalf of the EEON FOUNDATION, being at or above the age of 18, of the majority and not a party to the action, a citizen of the United States of America, did mail the documents entitled:

    Motion to Confirm Arbitration Award
    Memorandum of Law
    Civil Cover Sheet
    Arbitration Award
    Contracts

by placing them in an envelope addressed to:

    United States District Court
    Northern District of California
    450 Golden Gate Avenue
    San Francisco, California 94102    U.S.P.S. Tracking #: 9405511699000683487344

    ALPHABET INC.
    1600 Amphitheatre Pkwy
    MOUNTAIN VIEW   CA   94043-1351    U.S.P.S. Tracking #: 9405511699000683481694

    GOOGLE INC.
    1600 Amphitheatre Parkway
    Mountain View, CA 94043    U.S.P.S. Tracking #: 9405511699000683404983

    YOUTUBE INC.
    901 Cherry Avenue
    San Bruno, CA 94066-2914    U.S.P.S. Tracking #: 9405511699000683402170

    Affixing the proper postage and depositing it with the local postal carrier, also being of the age of the majority, and not a party to this action who upon receipt guarantees delivery as addressed and/or local drop box guaranteeing the same as prescribed in law. If called upon I provide this sworn testimony based on first-hand knowledge of the aforementioned events attesting and ascribing to these facts on this day February 12, 2020.

    _____
    Brett Jones, on behalf of the EEON FOUNDATION

SAA-ROQGI-RI2M5TO-WGA5ZQQM-3149                                   A61A-GO-001

# IN THE MATTER OF ARBITRATION BETWEEN THE FOLLOWING PARTIES:

BRETT JONES
REPRESENTING EEON FOUNDATION, ET AL.,

                CLAIMANT,          CASE NO.: SAAGO-A61A-040219-TS

v.

GOOGLE, INC.,                            9 UNITED STATES CODES

ALPHABET, INC.,                         § 1, 2, 6, 7, 9

YOUTUBE, INC., ET AL.,               THE COMMON LAW

           RESPONDENT(S).                  SEALED.

## FINAL ARBITRATION AWARD

Breach or violation of required contract terms:

    The parties have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this Title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party and thereupon the court shall have jurisdiction of such party as though they had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or their attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.[1]

---

[1] July 30, 1947, Ch. 392, 61 Stat. 672.

SAA-ROQGI-RI2M5TO-WGA5ZQQM-3149                                    A61A-GO-001

Arbitrator's Name:     Timothy Simpson

Hearing Location:      Nashville, Tennessee

This Arbitrator has considered the Claimant's request for dispute resolution on complaint and finds as follows:

Jurisdictional Allegations:

1. This Arbitrator has Subject Matter Jurisdiction, SMJ; as acknowledged by 9 U.S. Codes §1, §2, §9; 28 U.S. Code §§ 1346; and the established common law not limited to the following specifics:

a.   That Claimant(s):

   i.   Eeon Foundation is a citizen of the state of Nevada; and

b.   The Respondent(s):

   i.    GOOGLE, INC.,
   ii.   ALPHABET, INC., &
   iii.  YOUTUBE, INC.

Entered into a written contractual agreement as evidenced by the documentation presented for this hearing.

It is uniformly settled that a court's right to vacate or modify an arbitration award is extremely limited. That said, many state arbitration statutes, as well the Federal Arbitration Act and the Uniform Arbitration Act, allow correction or modification for an evident miscalculation in the arbitrator's award. See, e.g., 9 U.S.C. § 11(a).

1. Many state courts have held that an award can be corrected only for "miscalculations" that appear on "the face of the award" and for mathematical errors that are "patently clear."[2]

2. This Arbitrator, Timothy Simpson; has been appointed in the above referenced matter on

---

[2] *Fogal v. Stature Const., Inc.*, 294 S.W.3d 708 (Tex. App. 2009); *Jones v. Summit Ltd. P'ship Five*, 635 N.W.2d 267 (Neb. 2001); *Cole v. Hiller*, 715 So. 2d 451 (La. Ct. App. 1998); *Foust v. Aetna Cas. & Ins. Co.*, 786 P.2d 450 (Colo. App. 1989); *Severtson v. Williams Constr. Co.*, 173 Cal. App. 3d 86 (1985); *Morrison-Knudsen Co., Inc. v. Makahuena Corp.*, 675 P.2d 760 (Haw. 1983); *Carolina Virginia Fashion Exhibitors, Inc. v. Gunter*, 255 S.E.2d 414 (N.C. Ct. App. 1979).

SAA-ROQGI-RI2M5TO-WGA5ZQQM-3149                           A61A-GO-001

behalf of SITCOMM Arbitration Association to settle and resolve any and all disputes arising thereunder by arbitration under the authority of the Federal Arbitration Act.

3. An arbitration hearing was held on February 28, 2019 at which time the Arbitrator reviewed all contractual agreements and documentary evidence submitted by the parties in this matter.

4. This Arbitrator fully considered and granted the Claimant's request for summary disposition and further considered all the evidence in reference to the Contract Item No.: ALPHS-3458WTEGRB6-WEAXPIR-00114782535-45T8⁰, its terms, promises, and obligations; as well as the facts in support as presented during the arbitration of this controversy.

5. On or about November 06, 2018 the Claimant and Respondent(s) entered into a written, irrevocable, binding contractual agreement which included an arbitration clause. Both parties entered into a legally binding contractual relationship and this Arbitrator found that no fraud in the inducement to contract or fraud in the factum was present. Thus, Respondent(s) are bound to the terms and obligations agreed upon and imposed on them. To date, the Respondent(s) have failed to respond to the Claimant and this Arbitrator has found that the Respondent(s) were not willing to participate in the hearing.

6. Therefore, after careful consideration of the evidence presented[3], this Arbitrator finds as follows:

   i. The Claimant as well as the Respondent(s) are consenting adults, having attained the age of the majority; not a minor, not an infant, not a delinquent, and/or a decedent. All parties are fully capable of entering into and negotiating contracts; and

   ii. I do not find any of the parties to be suffering from a mental disease and/or defect that would have prevented and/or interfered with their knowing and intentional entering into the binding contractual agreement; and

   iii. The arbitration hearing was held on February 28, 2019 at which time this Arbitrator

---

[3] *Singh v. Raymond James Fin. Servs., Inc.*, No. 13-cv-1323, 2014 WL 11370123, (S.D.N.Y. March 28, 2014). "[T]ypically, 'arbitrators need not explain their rationale for an award'" (quoting *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

SAA-ROQGI-RI2M5TO-WGA5ZQQM-3149                                      A61A-GO-001

reviewed all contractual agreements and documentary evidence submitted by the parties in this matter.

iv. This Arbitrator fully considered and grated the Claimant's request of January 21, 2019 for summary disposition and further considered all the evidence in reference to the contractual agreement.

v. This Arbitrator finds that the Respondent(s) have failed to fully perform to the terms of the agreement and that the Claimant is entitled to immediate and unconditional remedy as prescribed within the terms of the contractual agreement; and

vi. A prior relationship did not exist between the parties and the Respondent(s) had an obligation to respond to the reasonable request of the Claimant; and

vii. This arbitrator finds that the contractual agreement is binding on all parties, remains irrevocable and that the contractual agreement remains in effect as stipulated within the agreement until all the obligations are satisfied by the defaulting party. As of this day, those obligations have not been satisfied and I hereby order the Respondent(s) to satisfy the obligations according to the terms of the contractual agreement, which is not inconsistent with this order; and

viii. The Respondent(s) failed to provide proof that they have not received and/or been notified of the existence of the contractual agreement and of their right to waiver; and

ix. The Respondent(s) failed to respond to the contractual agreement mailed with proof of service by the Claimant on November 06, 2018 which constituted an act of "tacit acquiescence;" and

x. The Respondent(s) have failed to fully perform to the terms of the agreement and the Claimant is entitled to immediate and unconditional remedy as prescribed within the terms of the contractual agreement; and

7. The total amount stipulated to be paid the Claimant is $ 450,000.00 (Four Hundred Fifty Thousand U.S. Dollars), broken down as follows:

8. The amount stipulated to be paid to the Claimant is $ 150,000.00 (One Hundred Fifty Thousand U.S. Dollars) from Respondent GOOGLE, INC., as stipulated according to the terms of the contract, agreed to by the parties and as this Arbitrator deems reasonable.

9. The amount stipulated to be paid to the Claimant is $ 150,000.00 (One Hundred Fifty Thousand U.S. Dollars) from Respondent ALPHABET, INC., as stipulated according to the terms of the contract, agreed to by the parties and as this Arbitrator deems reasonable.

10. The amount stipulated to be paid to the Claimant is $ 150,000.00 (One Hundred Fifty Thousand U.S. Dollars) from Respondent YOUTUBE, INC., as stipulated according to the terms of the contract, agreed to by the parties and as this Arbitrator deems reasonable.

11. The Respondent(s) have thirty (30) days from receipt of this Award to comply with the decision of this Arbitrator. In the event that the Respondent(s) fail to comply with the decision of this Award, this Arbitrator may revisit this matter upon request of the Claimant and according to the terms and conditions of the contractual agreement; to modify this Award in an amount equivalent to two times the determination of this Arbitrator for each Respondent.

12. The contract stated that any final and binding arbitration award may be confirmed in any United States District Court, pursuant to Title 9 of the United States Code §9 and §13. The Supreme Court has explained, "[t]here is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies."[4] A Judicial review of an arbitrator's award is extremely limited, and the court must accept the arbitrator's credibility determinations, even where there is conflicting evidence and room for choice exists.[5] "An arbitrator's award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not attempt to mold the award to conform to their sense of justice."[6]

13. Claimant may seek confirmation of this Arbitration Award in a United States District Court. Confirmation of an award is generally a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court."[7]

---

[4] *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008).
[5] *Matter of Long Is. Ins. Co. v. Motor Vehicle Accident Indemnification Corp.*, 57 AD3d 670, 869 NYS2d 195 (2nd Dept., 2008). *White v. Roosevelt Union Free School District Board of Educ.*, 147 AD3d 1071, 48 NYS3d 220 (2nd Dept., 2017).
[6] *Aflor v. Gelco Insurance Co.*, 110 AD3d 1062, 974 NYS2d 95 (2nd Dept., 2013).
[7] *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984).

SAA-ROQGI-RI2M5TO-WGA5ZQQM-3149                                A61A-GO-001

14. This Award is final and binding between the Claimant and the Respondent(s) in the above referenced matter upon issuance and execution of this Arbitrator's signature below and full force and effect take place immediately upon issuance.

**NOTICE OF THE ISSUANCE OF THIS AWARD TO BE DELIVERED TO:**

**CLAIMANT:**

BRETT JONES, REPRESENTING
EEON FOUNDATION
304 S Jones Blvd, Ste 1967
Las Vegas, Nevada

**RESPONDENT(S):**

YOUTUBE INCORPORATED
901 CHERRY AVENUE
SAN BRUNO, CALIFORNIA 94066-2914

GOOGLE INCORPORATED
1600 AMPHITHEATRE PKWY
MOUNTAIN VIEW, CALIFORNIA 94043-1315

ALPHABET INCORPORATED
1600 AMPHITHEATRE PKWY
MOUNTAIN VIEW, CALIFORNIA 94043-1315

**SO, AWARDED.**

Be it so this 28th day of February 2019.

Arbitration Hearing Conducted by Timothy Simpson

Hearing Site:   Nashville, Tennessee



/s/ Timothy Simpson
ARBITRATOR

IMPORTANT NOTICE: Certification of services rendered. The Original Arbitration Award is given to the Claimant to be retained as private property. No Trespass. Certified Copies of the Original can only be issued with permission of SITCOMM ARBITRATION ASSOCIATION.

# ALL-PURPOSE PROOF OF SERVICE

I, <u>SITCOMM ARBITRATION ASSOCIATION</u>, being at or above the age of 18, of the majority and not a party to the action, a citizen of the United States of America, did mail the document entitled:    NOTICE OF ARBITRATION AWARD

by placing it in an envelope addressed to: <u>Name and address:</u>

YOUTUBE INCORPORATED
901 CHERRY AVENUE
SAN BRUNO, CALIFORNIA 94066-2914
            USPS TRACKING # 9405 5036 9930 0011 1678 14

GOOGLE INCORPORATED
1600 AMPHITHEATRE PKWY
MOUNTAIN VIEW, CALIFORNIA 94043-1315
            USPS TRACKING # 9405 5036 9930 0011 1678 52

ALPHABET INCORPORATED
1600 AMPHITHEATRE PKWY
MOUNTAIN VIEW, CALIFORNIA 94043-1315
            USPS TRACKING # 9405 5036 9930 0011 1678 69

Affixing the proper postage and depositing it with the local postal carrier, also being of the age of the majority, and not a party to this action who upon receipt guarantees delivery as addressed and/or local dropbox guaranteeing the same as prescribed in law. If called upon I provide this sworn testimony based on first-hand knowledge of the aforementioned events attesting and ascribing to these facts on this day May 22, 2019.

/s/ Timothy Simpson

ALPHS-3458WTEGRB6-WEAXPIR-00114782535-45T8© is secured and reserved with all rights retained, Private Property no trespass permitted or allowed under common law restrictions and prohibitions.

## Legal Notification/Communication Respecting of fault and Opportunity to Cure the Default!

ALPHS-3458WTEGRB6-WEAXPIR-00114782535-45T8©

To: Alphabet Inc

1600 Amphitheatre Pkwy

MOUNTAIN VIEW   CA   94043-1351

&

**YOUTUBE INC.**, LLC.

901 Cherry Ave.

San Bruno, CA 94066. USA.

&

GOOGLE Inc.,

1600 Amphitheatre Parkway

Mountain View, CA 94043


From: Brett Jones representing Eeon,

Redress Right and the EEON channels, et al

November 6, 2018

To the Holder in Due Course and/or agent and/or representative,

I, Brett Jones (representing the redressucc@gmail.com, redressright@gmail.com, eeonv3@gmail.com, REDRESSRIGHT **YOUTUBE INC.**, Channel, EEON **YOUTUBE INC.**, Channel, have received your offer and will accept your offer and terms and conditions-

This communication is to inform you that you are in default of the agreement, and as per the terms of the agreement, you have consented and agreed to all of the terms and conditions contained therein including but not limited to the "**SELF-EXECUTING IRREVOCABLE DURABLE POWER OF ATTORNEY COUPLED WITH INTEREST**".

If you did not receive the original contract communication, and were not aware of its existence, you have three (3) calendar days in which to provide proof of such non-receipt, this is a good faith effort in providing you with an opportunity to cure your default. The contractual agreement includes as an exclusive remedy arbitration, this remedy is only available respecting the issue of default, whereby you

Page 1

ALPHS-3458WTEGRB6-WEAXPIR-00114782535-45T8© is secured and reserved with all rights retained, Private Property no trespass permitted or allowed under common law restrictions and prohibitions.

prove based on a preponderance of evidence that you had not received the **"SELF-EXECUTING IRREVOCABLE DURABLE POWER OF ATTORNEY COUPLED WITH INTEREST"**.

You may or may not be aware, that all the elements of a contract having been met, that the **"SELF-EXECUTING IRREVOCABLE DURABLE POWER OF ATTORNEY COUPLED WITH INTEREST"**, supersedes any and all previous contracts between the parties, and is a legally binding contractual obligation upon all parties associated thereto.

We highlight that the parties agreed to the common law provisions of the contract when given a notice indicating that they had "10 (calendar) days to respond", that any failure and/or refusal to respond would result in an entry of default against him. This is the very same sort of contract the court initiates with litigants on a daily basis, and the courts contract with the litigants is construed as binding. Equal protection of law requires equal treatment under the law.

On the issue of whether or not it is a legal duty for the respondents to respond we note the following principles of law:

**"it was his legal duty to speak up and deny that he would agree to pay commissions when advised that a sale would not be consummated except on the owner's original terms."** *Smith v. Murray*, 203 Tenn. 292, 297 (Tenn. 1958)

The court because it provides a legal function i.e. a government function was required to respond to questions within their preview and sphere of expertise, and they made the administrative and executive determination as well as decision to not respond knowing that the consequences of their actions in the offer to contract would result in tacit acquiescence.

"The true axis of the case at Bar is succinctly stated in 9 C.J. 586 (Brokers — Sec. 84), as follows:

"`A real estate broker, representing only one party, cannot recover commissions from the other. Thus, where a broker is employed by the owner of the land to sell the same, the purchaser is not liable for broker's commissions, *unless he has agreed to conditions of sale which include the payment of the commissions by the purchaser, or unless he has agreed with the broker to pay them.*'" See also 12 C.J.S. Brokers sec. 82.

The "axis of the case at Bar" rests upon petitioner's insistence that Murray assumed liability by his silence, or by his failure to acquaint the petitioner of his intention to negotiate with the owner for the purchase of the land.

The question of when a person becomes legally obligated to another by his silence varies, depending upon the facts of each and every case.

"The law of estoppel is a branch of the law of evidence, for it is the law by which evidence of the truth is excluded. Equity does not favor estoppels against the truth, and it has been broadly said, perhaps too broadly, that where the element of fraud is wanting there is no estoppel. It is a growing branch of

ALPHS-3458WTEGRB6-WEAXPIR-00114782535-45T8© is secured and reserved with all rights retained, Private Property no trespass permitted or allowed under common law restrictions and prohibitions.

the law, in which decided cases are of less value than usual, for the reason that every cause must depend upon its own peculiar facts and circumstances. As a general rule there must be word or conduct by one party, action based thereon by the other party, and injury to the latter to preclude the admission of evidence in conflict with the word or conduct." *Hume v. Commercial Bank,* 77 Tenn. 728, 748.

12 Am.Jur. (Contracts), Section 40, p. 533, as authority in support of defendant's liability arising from an implied contract and is furthermore estopped to dispute such liability *because of his silence,* see:

"It is a general rule of law that silence and inaction do not amount to an acceptance of an offer. Thus, generally speaking, mere silence or failure to reject an offer when it is made does not constitute an acceptance. Under some circumstances, however, <u>silence and inaction operate as an acceptance,</u> as where, under the circumstances, an inference of assent is warranted or at least where, under the circumstances, such an inference is required or is necessary. An agreement inferred from silence must rest on the principle of estoppel, and a change of position, in reliance on such silence, resulting in substantial injury is an essential element of the estoppel. It is said that circumstances which will impose a contractual obligation by mere silence are exceptional in their character and of rare occurrence; and no legal liability can arise out of the mere silence of the party sought to be affected, unless he is subject to a duty to reply which is neglected, to the harm of the other party. A mere failure to reject amounts to an acceptance where the offeree has agreed in advance that such silence be so construed or where there was some duty resting upon him to that effect."

*Smith v. Murray*, 203 Tenn. 292, 300-2 (Tenn. 1958)

We highlight that the law cognizant of the respondent's and other parties duties and responsibility to **THE SELF-EXECUTING BINDING IRREVOCABLE CONTRACT COUPLE WITH INTERESTS** as to obligation to respond to the questions raised and or averments and/or proof of claims, not only that they have a direct bearing on the case at bar which dealt directly with the relationship the parties had previously and at present, but they had a legal duty to respond with respects to the pre-existing contracts such as deed of trust, the nonjudicial foreclosure act, the California fair debt collections practices act, the federal fair debt collections practices act, the uniform foreclosure act for the state of California, the redress right as defined and outlined by the California Constitution and the United States Constitution, the rules of court for the state of California, common law, and the basic relationship the citizens of the state of California with the state of California and the institutions authorized and/or licensed by the state of California.

"One of the essential elements of the doctrine of estoppel is that a person by his silence or inaction has induced another to act to his prejudice; still another is that the silence complained of is in the nature of a fraud which results in damages to another... In these circumstances the defendant was required to specifically disavow as it imposes such diligence and foresight on the part of a purchaser of property, especially where the defendant's conduct is in the presence or hearing of the complainant, the broker, and not solely to a mere stranger."

*Smith v. Murray*, Tenn. 1958

Due to the fact that each of the questions dealt primarily with the issues surrounding the nature and the cause, and that the questions dealt specifically with the proceedings and the associated contract.

Page 3

ALPHS-3458WTEGRB6-WEAXPIR-00114782535-45T8© is secured and reserved with all rights retained, Private Property no trespass permitted or allowed under common law restrictions and prohibitions.

Because if the petitioner's/plaintiff were to rely on the silence of the opposing parties such would cause harm to the plaintiff's, because we would stand here today with the plaintiff saying that pairwise mortgage insurance, that the defendant's/respondent's did indeed issue a loan in the form of book entry credit, that the United States government is in a national emergency whereby all normal banking activities have been suspended, and that we are still in emergency to the present day, and that as a result no demand for the payment of a debt may be made as it violates public policy, and that the law stipulates that the payment is to be repaid dollar for dollar I.E. book entry credit for book entry credit (see: June 5 act of 1933 otherwise known as **THE GOLD ABROGATION ACT OF 1933** for clarification). Now we the plaintiffs say that the aforementioned is **FACT** because the parties have agreed, and we are relying on this information! And in order for the doctrine of estoppel not to come into play in this instance, the aforementioned has to be considered as fact by all as agreed by tacit acquiescence as well as the contract and its terms!

**"The goal of contract interpretation is to ascertain the intent of the parties according to the usual, natural, and ordinary meaning of the words used by the parties.** *Guiliano v. Cleo, Inc.* **, 995 S.W.2d 88, 95 (Tenn. 1999). "The interpretation placed upon a contract by the parties thereto, as shown by their acts, will be adopted by the court."** *Hamblen County v. City of Morristown* **, 656 S.W.2d 331, 335(Tenn. 1983)."**

The terms of the contract are explicit in that it requires contextual construing only, and that the review process of the contract itself may only be had by a court of original jurisdiction and not an administrative venue. The arbitration clause of the contract would come into play if the parties were to have responded within the, and or the party was to challenge the default providing proof that there was indeed no default. We have presented to this body and accompanying this instrument proof that the parties were notified, and that there was no response.

**"Under general principles of contract law, a contract must result from a meeting of the minds of the parties in mutual assent to the terms."** *Sweeten v. Trade Envelopes, Inc.* **, 938 S.W.2d 383, 386 (Tenn. 1996) (internal quotations omitted). Acceptance of an offer must be exactly and precisely in accord with the terms of the offer.** *Ray v. Thomas* **, 232 S.W.2d 32, 35 (Tenn. 1950). If an offeree assents to an offer, but only with conditions or with varied terms, there is no acceptance, but rather the expression constitutes a rejection of the original offer and initiation of a new offer.** *See Tullahoma Concrete Pipe Co. v. T.E. Gillespie Constr. Co.* **, 405 S.W.2d 657, 665 (Tenn.Ct.App. 1966) ("Where a person offers to do a definite thing, and another accepts conditionally or introduces a new term into the acceptance, his answer is either a mere expression of willingness to treat, or it is a counter proposal, and in neither case is there an agreement.") (quoting** *Canton Cotton Nills v. Bowman Overall Co.* **, 149 Tenn. 18, 31, 257 S.W. 398, 402 (1924)). Moreover, silence or inaction generally does not constitute acceptance of an offer, unless the circumstances indicate that such an inference of assent is warranted.** *Smith v. Murray* **, 311 S.W.2d 591, 595 (Tenn. 1958).**

In this instance the acceptance the doctrine of estoppel is in accordance with the terms of the agreement i.e. the terms of the offer. We noted to the parties that according to the entire state government of New Hampshire, the general government of the United States and the states composed thereof is via "corporate offer to contract", and that these contracts are usually processed through tacit acquiescence.

ALPHS-3458WTEGRB6-WEAXPIR-00114782535-45T8© is secured and reserved with all rights retained, Private Property no trespass permitted or allowed under common law restrictions and prohibitions.

      This is a legal communication, you are to take legal/judicial/special/exceptional notice as there may be dire and irreparable consequences that may affect you individually, professionally, legally, corporately.

      The three (3) calendar day timeframe commences upon receipt of this notification and is only applicable within the confines of the "**SELF-EXECUTING IRREVOCABLE DURABLE POWER OF ATTORNEY COUPLED WITH INTEREST**", terms of agreement.

      Thank you for your consideration....

The Undersigned extends to the Respondent(s) the Undersigned's appreciations and thanks for Respondent's(s) prompt attention, response, production of above Proof(s) of Claim and assistance in this/these matter(s). This presentment is not to be construed as an acceptance and/or application and/or subscription and/or request for license, admittance to any jurisdiction quasi-or otherwise. But shall remain as a direct objection, and this self-executing binding contract coupled what interests is brought into force and binding on all parties according to the provisions contained herein, and is done so with prejudice, Defendants/Respondents agree and accept this finding!

Sincerely,

"Pay to the order of Brett Jones representing Ee On, and the EEON FOUNDATION. Without Recourse"

_____

Brett Jones, on behalf of the EEON FOUNDATION, he being a Natural Man

TREIRS-34GDG6SG76-WEAXPIR-00114782535-45T8© is secured and reserved with all rights retained, Private Property no trespass permitted or allowed under common law restrictions and prohibitions.

(THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK)

