UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

EEON FOUNDATION,

    Plaintiff,

vs.

GOOGLE, INC., et al.,

    Defendants.

Case No: 20-cv-01317-SBA

**ORDER DIRECTING PLAINTIFF TO FILE A DECLARATION**

Plaintiff EEON Foundation ("Plaintiff") initiated the instant action against Defendants Google, Inc., YouTube, Inc., and Alphabet, Inc. (collectively, "Defendants"), seeking to confirm a purported arbitration award. Dkt. 2.[1] It is alleged that EEON Foundation was the claimant and prevailing party in the arbitration. Dkt. 2-1 at 6.

EEON Foundation is represented by Brett Jones ("Mr. Jones"), who is acting pro se. See Dkt. 2-1 at 3 (signed "Brett Jones, on behalf of the EEON Foundation, Petitioner").[2] Whether EEON Foundation is a corporation, unincorporated association, or sole proprietorship is not alleged. Nor is the state and/or locality in which EEON Foundation is incorporated, registered, and/or licensed alleged.

"It is a longstanding rule that '[c]orporations and other unincorporated associations must appear in court through an attorney.'" D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973-74 (9th Cir. 2004) (citation omitted); see also Civ. L.R. 3-9(b) ("A

---

[1] Plaintiff initially filed the action as a miscellaneous case. See Case No. 20-mc-80046-JCS. However, Magistrate Judge Joseph C. Spero, who was then assigned to the action, ordered that it be reclassified as a civil case. Dkt. 1.

[2] Federal Rule of Civil Procedure 17 provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). As the claimant in the arbitration, EEON Foundation appears to be the real party in interest. The relationship between EEON Foundation and its representative, Mr. Jones, is not alleged.

corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."). Such entities cannot be represented by a pro se party. D-Beam, 366 F.3d at 974 n.1 (holding that a partner cannot proceed on behalf of a partnership without counsel, and thus, the partnership "was never a proper pro se litigant").

On March 6, 2020, Magistrate Judge Laurel Beeler, who was then assigned to the action, issued an order noting, among other things, that Mr. Jones names EEON Foundation as Plaintiff. Dkt. 8 at 2. The order further noted the limitations on pro se representation and ordered Mr. Jones to "clarify the correct party for the case." Id.

On March 18, 2020, Plaintiff filed an Affidavit and Response, stating as follows: "The EEON Foundation was originally named as the Petitioner in this matter and not as the 'Plaintiff' as the Court has insinuated. Affiant is not attempting to represent the EEON Foundation as the EEON Foundation is not a corporation and more importantly, this is not a civil litigation matter." Dkt. 10 at 4. Plaintiff's response is insufficient.

First, the assertion that "this is not a civil litigation matter" is incorrect; the action has been properly reclassified as a civil case. The assertion that Mr. Jones is "not attempting to represent the EEON Foundation" is also incorrect and in conflict with other express assertions in the same filing. See Dkt. 10 at 1 ("COMES NOW, Brett Jones … on behalf of the EEON Foundation …."). The Court notes that whether EEON Foundation is identified as Plaintiff or Petitioner is immaterial; rather, it is the nature of the entity that determines whether Mr. Jones may act as its representative. Lastly, although Mr. Jones states that EEON Foundation is "not a corporation," he fails to specify the nature of the entity (i.e., whether it is an unincorporated association, sole proprietorship, etc.).

In view of the foregoing, IT IS HEREBY ORDERED THAT, by no later than **April 24, 2020**, Plaintiff shall file a declaration averring: (a) whether EEON Foundation is a corporation, unincorporated association, or sole proprietorship; (b) the state and/or locality, if any, in which EEON Foundation is incorporated, registered, and/or licensed; and (c) the relationship between Brett Jones and EEON Foundation. A declaration must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the

| 1 | declarant is competent to testify on the matters stated.  See Fed. R. Civ. P. 56(c)(4).  If
| 2 | documentary evidence (e.g., articles of incorporation, a business license, etc.) exists to
| 3 | support the assertions set forth in the declaration, Plaintiff should attach the same.  **Plaintiff**
| 4 | **is warned that the failure to fully and timely comply with this Order may result in the**
| 5 | **dismissal of the action without prejudice.**

    IT IS SO ORDERED.

Dated:  4/7/2020

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge