UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EEON FOUNDATION, | Case No: 20-cv-01317-SBA |
| Plaintiff, | **ORDER DIRECTING PLAINTIFF TO 1) FILE A DECLARATION, 2) FILE A COPY OF THE ARBITRATION AWARD, AND 3) EFFECTUATE SERVICE** |
| vs. | |
| GOOGLE, INC., et al., | |
| Defendants. | |

## I.      BACKGROUND

On February 21, 2020, Plaintiff EEON Foundation ("Plaintiff") filed a motion pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, for a court order confirming a purported arbitration award in its favor and against Defendants Google, Inc., YouTube, Inc., and Alphabet, Inc. (collectively, "Defendants").  Dkt. 2.[1]  EEON Foundation is represented by Brett Jones ("Mr. Jones"), who is acting pro se.  See Dkt. 2-1 at 3 (signed "Brett Jones, on behalf of the EEON Foundation, Petitioner").[2]  The arbitration was allegedly conducted by Timothy Simpson of SITCOMM Arbitration Association and took place on February 28, 2019, in Nashville, Tennessee.  Id. at 10.

---

[1] Plaintiff initially filed the action as a miscellaneous case.  See Case No. 20-mc-80046-JCS.  However, Magistrate Judge Joseph C. Spero, who was then assigned to the action, ordered that it be reclassified as a civil case.  Dkt. 1.

[2] Federal Rule of Civil Procedure 17 provides that "[a]n action must be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a)(1).  As the claimant in the arbitration, EEON Foundation appears to be the real party in interest.  The relationship between EEON Foundation and its representative, Mr. Jones, is not alleged.

It is alleged that Defendants are citizens of California and that Mr. Jones is a citizen of Nevada.  EEON Foundation's citizenship is not alleged.  Nor is it alleged whether EEON Foundation is a corporation, unincorporated association, sole proprietorship, or some other entity.  Plaintiff invokes the Court's diversity jurisdiction.  28 U.S.C. § 1332.

On March 6, 2020, Magistrate Judge Laurel Beeler, who was then assigned to the action, issued an Order Regarding Filing Fee.  Dkt. 8.  Among other things, Magistrate Judge Beeler noted that service of summons has not been effectuated.  Id. at 1.  She also noted that Mr. Jones names EEON Foundation as Plaintiff, advised him of the limitations on pro se representation, and directed him to "clarify the correct party for the case."  Id. at 2.  In light of the various procedural defects identified, Magistrate Judge Beeler terminated Plaintiff's motion to confirm the arbitration award without prejudice.  Id.  She advised that, after complying with "the appropriate procedures of commencing a case and serving the defendants," Plaintiff may re-notice the motion.  Id.

On March 9, 2020, Plaintiff filed a notice declining to consent to the jurisdiction of a magistrate judge.  Dkt. 9.  On March 18, Mr. Jones filed an Affidavit and Response to Magistrate Judge Beeler's Order.  Dkt. 10.  He did not dispute that no summons has issued, but suggested that service is not required because this is not a civil action.  Id. ¶ 8.  As to the real party in interest, he stated: "The EEON Foundation was originally named as the Petitioner in this matter and not as the 'Plaintiff' as the Court has insinuated.  Affiant is not attempting to represent the EEON Foundation as the EEON Foundation is not a corporation and more importantly, this is not a civil litigation matter."  Id. ¶ 10.  Thereafter, Plaintiff moved for entry of Defendants' default.  Dkt. 12.  The Clerk declined to enter default for lack of proper service.  Dkt. 13.  The action was then reassigned to this Court.  Dkt. 15.

On April 7, 2020, the Court issued an Order Directing Plaintiff to File a Declaration, wherein it explained that the Affidavit and Response was insufficient.  Dkt. 17.  As noted by the Court, the assertion that "this is not a civil litigation matter" is incorrect because the action was properly reclassified as a civil case.  Id. at 2.  The assertion that Mr. Jones is "not attempting to represent the EEON Foundation" is also incorrect and in conflict with

Plaintiff's other express assertions.  Id. (citing Dkt. 10 at 1 ("COMES NOW, Brett Jones …
on behalf of the EEON Foundation …."))  The Court noted that whether EEON
Foundation is identified as Plaintiff or Petitioner is immaterial; rather, it is the nature of the
entity that determines whether Mr. Jones may act as its representative.  Lastly, although Mr.
Jones stated that EEON Foundation is "not a corporation," he failed to specify the nature of
the entity (i.e., whether it is an unincorporated association, sole proprietorship, etc.).

In view of the foregoing, the Court ordered Plaintiff to file a declaration by April 24,
2020, clarifying: (a) whether EEON Foundation is a corporation, unincorporated
association, or sole proprietorship; (b) the state and/or locality, if any, in which EEON
Foundation is incorporated, registered, and/or licensed; and (c) the relationship between
Brett Jones and EEON Foundation.  Id.  The Court advised that the declaration "must be
made on personal knowledge, set out facts that would be admissible in evidence, and show
that the declarant is competent to testify on the matters stated."  Id. at 2-3.  The Court
indicated that, if documentary evidence exists to support the assertions set forth in the
declaration, Plaintiff should attach the same.  Id. at 3.  Finally, the Court warned that the
failure to fully and timely comply with its Order might result in dismissal of the action.  Id.

On April 27, 2020, Mr. Jones filed the Declaration of Petitioner ("Declaration").
Dkt. 19.  As discussed in greater detail below, the Declaration is procedurally and
substantively defective.  Upon review of the record, the Court also finds defects in the
motion initiating this action and a failure to effectuate service of process.  In view of these
deficiencies, the Court further notes that it is unable to ascertain whether it has subject
matter jurisdiction, whether it may obtain personal jurisdiction over Defendants, and/or
whether venue is proper in this Court.  The Court addresses these issues in turn.

## II.     DISCUSSION

### A.     THE DECLARATION

As stated above, the Declaration is procedurally and substantively defective.  As a
threshold matter, the Declaration is not subscribed as true under penalty of perjury and
therefore fails to set out facts that would be admissible in evidence, as ordered by the Court.

See 28 U.S.C. § 1746 (an unsworn declaration must be subscribed as true under penalty of perjury).  Even setting aside this deficiency, the Declaration fails to fully and directly respond to the Court's inquiries.

The Declaration now identifies "Petitioner" as "Eeon fka Brett Jones."  Decl. at 1.[3] It states that EEON Foundation is not a corporation, unincorporated association, or sole proprietorship, and is not incorporated, registered, and/or licensed in any state.  Id. ¶ 7.[4] While the Declaration states what EEON Foundation *is not*, it fails to explain what *it is*.

The Declaration elsewhere suggests that "Eeon" is an alias used by Brett Jones.  See id. ¶ 10 ("Petitioner finds it necessary to inform this Court that in California, an individual possesses the common law right to change their name as outlined by the 'usage method.' This means that you simply pick a new name and start using it consistently in all parts of your life.  Eeon fka Brett Jones has been utilized consistently by the Petitioner for the past few years.").  Even if Brett Jones uses the name "Eeon," however, he still fails to specify the nature of "EEON *Foundation*," in whose name this action has been brought.

"It is well established that the privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (citing 28 U.S.C. § 1654 (providing that "parties may plead and conduct *their own cases personally*") (emphasis added)).  "Consequently, in an action brought by a *pro se* litigant, the real party in interest must be the person who 'by substantive law has the right to be enforced.'"  Id.

From the information before the Court it appears that Mr. Jones is attempting to enforce the rights of EEON Foundation, i.e., the alleged prevailing party in the arbitration

---

[3] The Declaration again asserts that "Petitioner is not the 'Plaintiff' as indicated by the court as this is not a civil litigation matter."  Decl. ¶ 8.  As the Court stated in its prior order, this action has been properly classified as a civil case.

[4] Based on this assertion, Plaintiff declares that "Eeon Foundation and/or Brett 'Eeon' Jones is not required to appear in court through an attorney."  Decl. ¶ 7.  The Court notes that whether Plaintiff must appear through an attorney is a legal question to be determined by the Court, not Plaintiff.  The Court asks Plaintiff to provide *the facts* necessary for the Court to make that determination.

proceeding and the real party in interest.  Mr. Jones is thus representing an entity other than himself, which he may not do.  Plaintiff's Declaration fails to adequately address this issue.

### B.   FAA FILING REQUIREMENTS

To obtain a court order confirming an arbitration award, a plaintiff must satisfy certain filing requirements.  Section 13 of the FAA requires that the party moving for an order confirming an arbitration award file, inter alia, both the arbitration award and the arbitration agreement.  9 U.S.C. § 13.  Although Plaintiff filed the purported arbitration award, see Dkt. 2-1 at 5-10, it has not filed the arbitration agreement.

Plaintiff filed a "Legal Notification/Communication Respecting of fault and Opportunity to Cure the Default!," which purports to be a communication from Plaintiff to Defendants informing them of their default on an unspecified contract. Dkt. 2-1 at 12-16. However, the Legal Notification/Communication is not signed by Defendants and does not—in title or otherwise—constitute an arbitration agreement (or any agreement).  See 9 U.S.C. § 2 (describing an agreement to arbitrate).  The Legal Notification/Communication states that the "contractual agreement includes as an exclusive remedy arbitration," but neither attaches the contract nor sets forth the essential terms of the arbitration agreement.

Accordingly, Plaintiff has not satisfied the requirements of Section 13 of the FAA. Without the arbitration agreement, the Court cannot ascertain, among other things, whether Section 9 of the FAA is properly invoked.  See 9 U.S.C. § 9 (providing that a district court may issue an order confirming an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration" and specified the court).

### C.   SERVICE OF PROCESS

Contrary to Plaintiff's contention, Section 9 of the FAA provides that notice of an application to confirm an arbitration award "shall be served upon the adverse party."  9 U.S.C. § 9.  Service must be made "in like manner as other process of the court."  Id. Pursuant to Federal Rule of Civil Procedure 4(m), service must be completed within 90 days after an application is filed.  If a defendant is not timely served, the court—on motion

1  or on its own after notice to the plaintiff—must dismiss the action without prejudice against

2  the unserved defendant(s) or order that service be made within a specified time.  Fed. R.

3  Civ. P. 4(m).  Absent a showing of good cause for failing to timely complete service, no

4  extension of time is required.  See Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013).

5        Here, Plaintiff initiated the instant action on February 21, 2020.  Pursuant to Rule

6  4(m), service is to be completed by May 21, 2020.  To date, service has not been

7  effectuated.   As set forth below, the Court will provide Plaintiff a short extension through

8  May 29, 2020 to effectuate service.

9        **D.    SUBJECT MATTER JURISDICTION, PERSONAL JURISDICTION, AND VENUE**

10        The foregoing defects are not merely technical.  Rather, they prevent the Court from

11  ascertaining, inter alia, whether it has subject matter jurisdiction, whether it may obtain

12  personal jurisdiction over Defendants, and whether venue is proper in this Court.

13        As an initial matter, Chapter 1 of the FAA creates no federal subject matter

14  jurisdiction; it requires an independent jurisdictional basis over the dispute.  Vaden v.

15  Discover Bank, 556 U.S. 49, 59 (2009) (citations omitted).  Here, Plaintiff invokes

16  diversity jurisdiction.  However, EEON Foundation's citizenship (as opposed to Mr. Jones'

17  citizenship) is not alleged.  Absent a declaration subscribed as true under penalty of perjury

18  that clearly elucidates the nature of EEON Foundation and/or its relationship to Mr. Jones,

19  the Court cannot ascertain whether it has subject matter jurisdiction.

20        Furthermore, even if the Court has subject matter jurisdiction, there are questions

21  regarding venue and personal jurisdiction.  Section 9 of the FAA governs venue for

22  proceedings to confirm an arbitration award, providing that such proceedings may be

23  instituted in any court specified in the arbitration agreement or, if no such court is specified,

24  the court in the district where the award was made.  9 U.S.C. § 9.  Section 9 also provides

25  that a district court shall have personal jurisdiction over the adverse parties once those

26  parties are served with notice of the motion to confirm the arbitration award.  Id.  Only a

27  court specified in the arbitration agreement or the court in the district where the award was

28  made may obtain personal jurisdiction, however.  Id.  Here, the arbitration award was made

in Tennessee.  Consequently, this Court is the proper venue for the action and may obtain personal jurisdiction over Defendants only if the arbitration agreement so provides.  Until a copy of the arbitration agreement is filed, these matters cannot be ascertained.

**III.   <u>CONCLUSION</u>**

In view of the foregoing, IT IS HERREBY ORDERED THAT:

1.      By **May 29, 2020**, Plaintiff shall file a declaration describing (a) the nature of EEON Foundation, and (b) the relationship between Brett Jones and EEON Foundation. Plaintiff shall also aver the citizenship of EEON Foundation and provide a factual basis to support the averment.  The declaration must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the declarant is competent to testify on the matters stated.  To set out facts that would be admissible in evidence, the declaration must be subscribed as true under penalty of perjury.  If documentary evidence exists to support the assertions set forth in the declaration, Plaintiff should attach the same.

2.      By **May 29, 2020**, Plaintiff shall file a copy of the parties' purported arbitration agreement, as well as any other documents required by Section 13 of the FAA.

3.      On or before **May 29, 2020**, Plaintiff shall serve Defendants with a summons and a copy of the motion to confirm the arbitration award.  **Plaintiff is warned that, if service is not completed by this date, the action may be dismissed without prejudice and without further notice pursuant to Federal Rule of Civil Procedure 4(m).**

4.      **Plaintiff is WARNED that the failure to FULLY and TIMELY comply with this Order, including the failure to timely file a satisfactory declaration and/or a copy of the arbitration award, may result in the DISMISSAL of the action without further notice pursuant to Federal Rule of Civil Procedure 41(b).**

IT IS SO ORDERED.

Dated:  May 12, 2020

_____
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge