UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EEON FOUNDATION,<br><br>   Plaintiff,<br><br>   vs.<br><br>GOOGLE, INC., et al.,<br><br>   Defendants. | Case No: 20-cv-01317-SBA<br><br>**ORDER DISMISSING ACTION** |

I.  **BACKGROUND**

On February 21, 2020, Plaintiff EEON Foundation ("Plaintiff") filed a motion pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, for a court order confirming a purported arbitration award in its favor and against Defendants Google, Inc., YouTube, Inc., and Alphabet, Inc. (collectively, "Defendants"). Dkt. 2.[1] EEON Foundation is represented by Brett Jones ("Mr. Jones"), who is acting pro se. See Dkt. 2-1 at 3 (signed "Brett Jones, on behalf of the EEON Foundation, Petitioner").[2] It is alleged that Defendants are citizens of California and that Mr. Jones is a citizen of Nevada. EEON Foundation's citizenship is not alleged. Nor is it alleged whether EEON Foundation is a corporation, unincorporated association, sole proprietorship, or some other entity. Plaintiff invokes the Court's diversity jurisdiction. 28 U.S.C. § 1332.

---

[1] Plaintiff initially filed the action as a miscellaneous case. See Case No. 20-mc-80046-JCS. However, Magistrate Judge Joseph C. Spero, who was then assigned to the action, ordered that it be reclassified as a civil case. Dkt. 1.

[2] Federal Rule of Civil Procedure 17 provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). As the claimant in the arbitration, EEON Foundation appears to be the real party in interest. The relationship between EEON Foundation and its representative, Mr. Jones, is not alleged.

On March 6, 2020, Magistrate Judge Laurel Beeler, who was then assigned to the action, issued an order noting, among other things, that service of summons has not been effectuated.  Dkt. 8.  She also noted that Mr. Jones names EEON Foundation as Plaintiff, advised him of the limitations on pro se representation, and directed him to "clarify the correct party for the case."  Id.  In light of the various procedural defects identified, Magistrate Judge Beeler terminated Plaintiff's motion to confirm the arbitration award without prejudice.  Id.  She advised that, after complying with "the appropriate procedures of commencing a case and serving the defendants," Plaintiff may re-notice the motion.  Id.

On March 9, 2020, Plaintiff filed a notice declining to consent to the jurisdiction of a magistrate judge.  Dkt. 9.  On March 18, Mr. Jones filed an Affidavit and Response to Magistrate Judge Beeler's Order.  Dkt. 10.  He did not dispute that no summons has issued, but erroneously suggested that service is not required because this is not a civil action.  Id. ¶ 8.  He further stated: "The EEON Foundation was originally named as the Petitioner in this matter and not as the 'Plaintiff' as the Court has insinuated.  Affiant is not attempting to represent the EEON Foundation as the EEON Foundation is not a corporation and more importantly, this is not a civil litigation matter."  Id. ¶ 10.  Thereafter, Plaintiff moved for entry of Defendants' default.  Dkt. 12.  The Clerk declined to enter default for lack of proper service.  Dkt. 13.  The action was then reassigned to this Court.  Dkt. 15.

On April 7, 2020, the Court issued an order explaining that the Affidavit and Response was insufficient and directing Mr. Jones to file a further declaration.  Dkt. 17.  On April 27, 2020, he filed the Declaration of Petitioner ("Declaration").  Dkt. 19.  On May 12, 2020, the Court issued an order finding the Declaration procedurally and substantively defective.  Dkt. 20.  Upon review of the record, the Court also found defects in the papers initiating the action—i.e., failure to file a copy of the purported arbitration agreement—and a failure to effectuate service of process.  Id.  The Order describes the defects in detail.  Id. at 3-6.  It also explains why the defects "are not merely technical," but rather, prevent the Court from ascertaining whether it has subject matter jurisdiction, whether it may obtain personal jurisdiction over Defendants, and whether venue is proper in this Court.  Id. at 6-7.

In view of the forgoing, the Court directed Plaintiff to do the following by May 29, 2020: 1) file a declaration regarding a) the nature of EEON Foundation, b) the relationship between Mr. Jones and EEON Foundation, and c) the citizenship of EEON Foundation; 2) file a copy of the purported arbitration agreement as well as any other documents required by Section 13 of the FAA; and 3) effectuate service of the summons and a copy of the motion to confirm the arbitration award.  The Court warned that, "if service is not completed by this date, the action may be dismissed without prejudice and without further notice pursuant to Federal Rule of Civil Procedure 4(m)." Id. at 7 (emphasis omitted).  The Court further warned that, "the failure to FULLY and TIMELY comply with th[e] Order, including the failure to timely file a satisfactory declaration and/or a copy of the arbitration award, may result in the DISMISSAL of the action without further notice pursuant to Federal Rule of Civil Procedure 41(b)." Id. (emphasis omitted).

To date, Plaintiff has not filed a declaration, a copy of the purported arbitration agreement, or proof of service, as ordered by the Court.  Nor has Plaintiff otherwise responded to the Court's Order.

## II.  DISCUSSION

### A.  SERVICE

Notice of an application to confirm an arbitration award "shall be served upon the adverse party." 9 U.S.C. § 9.  Service must be completed within 90 days after the application is filed.  Fed. R. Civ. P. 4(m); Wood v. Hampton-Porter Inv. Bankers, No. C-02-5367 MMC, 2004 WL 546888, at *3 (N.D. Cal. Mar. 11, 2004).  If a defendant is not timely served, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the unserved defendant(s) or order that service be made within a specified time.  Fed. R. Civ. P. 4(m); see, e.g., Wood, 2004 WL 546888 at *3 (dismissing a petition to confirm an arbitration award without prejudice against a defendant who had not been served, pursuant to Rule 4(m)).

Here, Plaintiff initiated the instant action on February 21, 2020.  Pursuant to Rule 4(m), service was to be completed by May 21, 2020.  On May 12, 2020, the Court provided

Plaintiff notice of the service requirements and ordered that service be completed by no later than May 29, 2020. To date, service has not been effectuated. Accordingly, the Court dismisses the action without prejudice pursuant to Rule 4(m).

### B.     SUBJECT MATTER JURISDICTION

As set forth in the Court's prior Order, there are several defects in Plaintiff's filings that prevent the Court from ascertaining: 1) whether Brett Jones, who is acting pro se, may represent EEON Foundation in this action; 2) whether the Court has subject matter jurisdiction; 3) whether the Court may obtain personal jurisdiction over Defendants; and 4) whether venue is proper in this Court.

Regarding subject matter jurisdiction, the Court is under a continuing duty to establish the same and may sua sponte dismiss an action whenever it appears that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see also Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). The burden of establishing subject matter jurisdiction rests upon Plaintiff. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment.'" Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001) (quoting Smith v. McCullough, 270 U.S. 456, 459 (1926)), abrogated on another ground by Hertz Corp. v. Friend, 559 U.S. 77 (2010).

Here, Chapter 1 of the FAA creates no federal subject matter jurisdiction; it requires an independent jurisdictional basis over the dispute. Vaden v. Discover Bank, 556 U.S. 49, 59 (2009) (citations omitted). Plaintiff invokes diversity jurisdiction. However, EEON Foundation's citizenship is not alleged and Plaintiff has failed to respond to the Court's Order directing it to provide the necessary information to establish subject matter jurisdiction. Accordingly, dismissal pursuant to Rule 12(h)(3) is independently supported.

### III.  CONCLUSION

In view of the foregoing, IT IS HEREBY ORDERED THAT the action is DISMISSED without prejudice.  The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated:  June 23, 2020

_____
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge